FEDER, RICHARD Y., Associate Judge.
This is an appeal by all parties from a judgment in favor of the maker of a check against the depository bank.
A Texas resident, Weatherford, obtained a cashier’s check for $63,000 from a local bank, Interfirst, made payable to:
“Steven D. Mudd
President-Medical Inter-Act Systems Corp.”
Mudd received the check, endorsed it and deposited it to his personal account in Southeast Bank. Subsequently, Mudd withdrew the $63,000 and fled.
The check was payment in advance for a “bargain” computer system Weatherford, relying on the personality and persuasiveness of a person on the telephone identified as “Stephen Mudd, President of MISC,” thought he was buying from Medical InterAct Systems Corp. (MISC). There was no such computer system. Indeed, there was no such person as “Stephen Mudd”, as he was actually David L. Phillips, a fugitive from grand theft charges in Pinellas County, who had wormed his way from administrative assistant to president of MISC on the basis of a fraudulent resume.
The basic issue among the claims and cross-claims is, according to counsel, one of first impression in Florida; i.e., the meaning and import of the payee designation described in Section 673.117(1), Florida *483 Statutes (1985), which provides, in pertinent part:
An instrument made payable to a named person with the addition of words describing him (1) As agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder ...
Uniform Commercial Code Comment 1 to this statute explains that the above section was intended to include descriptions such as “John Doe, President Home Telephone Co” (our situation) and that:
... it is commercial understanding that the description is not added for mere identification but for the purpose of making the instrument payable to the principal, and that the agent or officer is named as payee only for convenience in enabling him to cash the check, (emphasis added)
Obviously then, the depository bank here, Southeast, could with impunity permit Stephen Mudd to endorse the check and receive the cash. Southeast permitted Mudd to deposit the check into his personal account, waited four days until Interfirst cleared the check and then permitted Mudd to withdraw the funds as cash. The intervening four days between presentment and cash has no legal effect.
There was no duty on Southeast to Inter-first (or Weatherford) to do anything except comply with Interfirst’s (and Weather-ford’s) instruction; i.e., treat Mudd as a holder with the right to cash the check, so long as they had no actual knowledge of Mudd’s wrongdoing. All parties testified that Southeast had no such actual knowledge. See Barnett Bank v. Regency Highland Condominium, 452 So.2d 587 (Fla. 4th DCA 1984); Spaulding and Sherwood, The Wayward Corporate Check: Notice of Diversion under the U.C.C., 18 Cath.U.L. Rev. 127 (1968).
Since Weatherford intended what actually occurred because he “wanted that guy who himself was president to handle the check. I didn’t want it to end up on some secretary’s desk” and personally saw the payee designation before Interfirst sent off the check, he should not now complain of the way “that guy ... handle[d] the check.” Southeast’s conduct was exactly as section 673.117(1) envisages.
All other appeals and cross appeals are denied. Reversed with directions to enter judgment for Southeast Bank.
ANSTEAD and GLICKSTEIN, JJ., concur.